IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | Civil Action No. 4:05-CV-0552 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| LOCK HAVEN AREA FEDERAL CREDIT UNION, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW COMES plaintiff, The Cincinnati Insurance Company ("Cincinnati"), by and through its counsel, *BENTZ LAW FIRM, P.C.*, and pursuant to 28 U.S.C. §§ 2201-2202, brings this Complaint for Declaratory Judgment and other relief, and in support thereof avers as follows:

## The Nature of This Action

1. By this action, Cincinnati seeks a judgment declaring that, under the terms of the Credit Union Blanket Bond issued to defendant, Lock Haven Area Federal Credit Union, (the "Bond"), Cincinnati has no liability to defendant for the claim the defendant has submitted.

## Parties

2. Cincinnati is an Ohio corporation with offices located at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141.

3. Lock Haven Area Federal Credit Union is a federal credit union with a principal place of business located at 13 First Street, Lock Haven, Pennsylvania 17745.

## Jurisdiction and Venue

4. The subject matter jurisdiction of this Court is proper under 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship as the parties are citizens of different states.

5. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. §1391(a) as, on information and belief, defendant conducts business in

Lock Haven, Pennsylvania, which is located in the Middle District of Pennsylvania.

## Factual Allegations

6. Cincinnati issued a Credit Union Blanket Bond ("Bond"), being Bond No. CU02700023, to the defendant, effective June 1, 2003. A true and correct copy of the Bond is attached hereto, made a part hereof, and is marked as Exhibit "A".

7. On or about September 2, 2004, defendant Lock Haven, advised Cincinnati of a potential claim under the Bond. A copy of the letter dated September 2, 2004 from David P. Null, Chief Executive Officer of Lock Haven, is attached hereto, made a part hereof and is marked as Exhibit "B".

8. According to Mr. Null's letter, Lock Haven identified a potential loss related to monies due defendant under what defendant has denominated as a "Cash Bailment Agreement" with Hook Financial Corporation (the "Cash Bailment Agreement"). As referenced on Exhibit "B", the initial expected loss was $447,796.00.

9. The potential claim concerns certain monies due from Hook Financial Corporation ("Hook") to defendant for Hook's failure to repay monies, together

with a fee, pursuant to the Cash Bailment Agreement. The monies were advanced by defendant to be used to stock ATM machines owned by Hook.

10. In response to Mr. Null's letter, Cincinnati commenced an investigation and advised defendant of potential lack of coverage and certain exclusions that may apply. A true and correct copy of the July 21, 2004 letter written by Elizabeth Carley, Supervisor, Bond & Executive Risk Claims for Cincinnati, is attached hereto, made a part hereof and is marked as Exhibit "C".

11. In subsequent letters to defendant and its counsel, Cincinnati requested information which would support a claim for coverage and advised, once again, that there did not appear to be coverage under the Bond given the facts as presented by defendant. See letters dated October 13, 2004 and February 7, 2005, which are attached hereto, made a part hereof, and are marked as Exhibits "D" and "E" respectively.

12. Defendant argues that there is coverage for its claim and has threatened to sue Cincinnati for failure to pay what appears to be a claim not covered by the Bond.

### Determination of Rights

13. Cincinnati repeats and re-alleges each and every allegation in Paragraphs 1 through 12 as if the same were set forth herein.

14. Cincinnati asserts that it has no obligation to defendant under the terms of the Bond as the facts as presented by defendant do not give rise to a valid Bond claim.

15. Because defendant claims that Cincinnati must reimburse it for all losses defendant has or may incur, this Court should determine the rights of the parties so that this matter may be finally resolved.

16. Cincinnati is entitled to a declaration by this Court that it has fully complied with the terms of the Bond and owes nothing to defendant.

17. Cincinnati has advised defendant that there is no coverage for the claim submitted. Notwithstanding this fact, defendant continues to pursue this matter and has threatened Cincinnati in the event the claim is not paid. Cincinnati has incurred damages in the form of attorneys' fees and costs in pursuing this action.

WHEREFORE, plaintiff, The Cincinnati Insurance Company, respectfully requests that this Court enter judgment in its favor and against defendant as follows:

1. Declaring that The Cincinnati Insurance Company has fully complied with its obligations under the Bond and that there is no coverage for the claim submitted by defendant;

2. Declaring that defendant has no claim against Cincinnati under the Bond or otherwise; and

3. Awarding such further relief as this Court deems just and proper.

Respectfully submitted,

*BENTZ LAW FIRM, P.C.*

Dated: 3/18/05

Amy E. Bentz
Pa I.D. #52691

The Washington Center Building
680 Washington Road, Suite 200
Pittsburgh, PA 15228
(412) 563-4500

Attorney for Plaintiff, The Cincinnati Insurance Company